US v. Plantier, et al.                        CV-02-599-SM  11/29/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff

        v.                                    Civil No. 02-599-SM
                                              Opinion No. 2004 DNH 172
Dick Plantier and Corrine
Doe, f/k/a Corrine Plantier,
        Defendants


                          **O R D E R**


        The United States has sued Dick Plantier and his former

wife, Corrine Doe, in order to reduce to judgment outstanding

liabilities for federal taxes, interest and penalties.  Before

the court is the government's motion for summary judgment.

Defendant, Dick Plantier, objects.[1]  For the reasons given, the

government's motion for summary judgment is granted.


        Resolution of this dispute turns on a single issue: whether

defendant is entitled to a trial on his asserted equitable

estoppel defense.  Plantier says that the government should not

_____

        [1] Defendant Corrine Doe apparently resides in Australia.
She has not appeared, and it is unclear from the record whether
she has been served.

be allowed to invoke his earlier agreement to suspend the statutory limitations period that governs collection of taxes by the Internal Revenue Service ("IRS").[2] That agreement was memorialized in an August 26, 1998, "Offer in Compromise" (Form 656) executed by both defendants and an authorized representative of the IRS. (Pl.'s Mot. Summ. J., Ex. 13.) According to Plantier, the United States should be estopped from relying upon that waiver because he and his former wife agreed to suspend the limitations period in reliance upon false representations made by an IRS official, Boyd Chivers. Chivers allegedly told defendants that their offer to compromise the tax claims would be accepted, and, say defendants, they would not have agreed to toll the limitations period but for that representation. Defendant's argument is without merit.

"The doctrine of equitable estoppel in its traditional incarnation does not apply against the federal government." Frillz, Inc. v. Lader, 104 F.3d 515, 518 (1st Cir. 1997) (citing OPM v. Richmond, 496 U.S. 414, 419 (1990); United States v. Ven-

---

[2] At no point has defendant ever indicated that he challenges the validity or amount of the tax liability assessed against him.

Fuel, Inc., 758 F.2d 741, 761 (1st Cir. 1985); Heckler v. Cmty. Health Servs., 467 U.S. 51, 67 (1984) (Rehnquist, J., concurring) (noting that the Supreme Court has never upheld an estoppel claim against the government)). For the doctrine to apply at all, "[a] party . . . 'must have reasonably relied on some "affirmative misconduct" attributable to the sovereign.'" Frillz, 104 F.3d at 518 (quoting Ven-Fuel, 758 F.2d at 761)).

Here, the "affirmative misconduct" on which defendant relies is Boyd Chivers's allegedly false statement that the Plantiers' offer in compromise would be accepted by other IRS officials who had the authority (and discretion) to accept or reject it. According to defendant, Chivers's statement that the offer would be accepted was a statement of material fact because it came from an experienced IRS officer. Defendant is mistaken.

Chivers's statement, as reported, constituted at most an opinion in the form of a prediction. And, as defendant correctly acknowledges, opinions do not qualify as statements of fact for purposes of equitable estoppel. Moreover, as it is undisputed that Chivers was not the official making the decision, his

statement cannot be characterized as a promise (a form of statement that can constitute a false representation, if made by a promisor who knows that he or she does not intend to keep the promise made).  As Plantier has acknowledged:  "I don't think he [Chivers] was dishonest with me in representing to me that this offer would be accepted.  But as we can see in hindsight, there are things beyond his control."  (Pl.'s Obj. to Summ. J., Ex. A. (Plantier Dep.) at 75.)  At best, defendant might prove that Chivers incorrectly predicted what IRS agents with decision-making authority over the Offer in Compromise would decide, but, as a matter of law, that showing would fall far short of meeting the "affirmative misconduct" test.

Because defendant is not entitled to avoid his agreement to extend the limitations period, and because there is no other legal or factual issue in dispute (defendant does not dispute that he is otherwise liable to the IRS in the amount claimed), the United States is entitled to judgment as a matter of law. Accordingly, plaintiff's motion for summary judgment (document no. 17) is granted as to Dick Plantier.

4

Regarding Corrine Doe, the government shall show cause, within twenty days of the date of this order, why the case against Corrine Doe should not be dismissed, without prejudice, for failure to effect service of process (the record does not evidence service upon Defendant Corrine Doe).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 29, 2004

cc:  Thomas P. Cole, Esq.
     Scott H. Harris, Esq.